## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ENOCH CLARK, JR.,**

                     **Plaintiff,**

                                                  CIVIL ACTION
          vs.                                        No. 09-3268-SAC

**DEPUTY MERKLE, et al.,**

                     **Defendants.**

## ORDER

Before the court is a form complaint submitted for filing under 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the Kansas Department of Corrections, and proceeds pro se in this matter seeking relief on allegations related to his approximate three month confinement in 2007 in the Wyandotte County Detention Facility in Kansas City, Kansas.

Plaintiff initially submitted the instant complaint as one of three proposed amended complaints in a previously filed action, <u>Clark v. Anderson</u>, Case No. 09-3141-SAC, which is currently pending.[1] The court found two of the proposed amended complaints did not appear to relate to the specific instances or defendants at issue in the original complaint,[2] and directed the clerk's office to

---

[1] By an order dated December 10, 2009, the court directed plaintiff to show cause why plaintiff's action in 09-3141-SAC should not be dismissed because plaintiff's allegations stated no claim for relief against any of the defendants named in the second amended complaint. The time for filing a response to that show cause order has not yet expired.

[2] In 09-3141-SAC, plaintiff seeks declaratory judgment and damages for alleged violations of the Eighth Amendment and state law

open two new actions with the unrelated proposed amended complaints.³ The court further advised plaintiff that each of the two new complaints would be subject to being dismissed without prejudice if plaintiff objected to proceeding in three separate actions each subject to a $350.00 district court filing fee obligation.⁴ *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee, and may do so over time by payment of an initial partial

---

by being subjected to the use of excessive force by Wyandotte County officers Anderson and Yawncey.
   Plaintiff alleges Anderson tried to break plaintiff's arm, tore plaintiff's muscles, applied a choke hold that held plaintiff off the ground and banged plaintiff's head into a wall, and slammed plaintiff's head onto a metal table five to six times while plaintiff was cuffed.
   Plaintiff alleges officer Yawncey fractured two of plaintiff's fingers by kicking shut the bean hole, and then did not allow plaintiff to see a nurse.
   In his second amended complaint, plaintiff no longer names Anderson and Yawncey as defendants, and instead names only Sheriff Green and Jail Administrators Henderson and Garner as defendants.

   ³In the present case, plaintiff seeks damages and declaratory judgment for the alleged violation of his rights under the Eighth Amendment and state law, and names Wyandotte County officers Merkle and Brockman as defendants
   Plaintiff alleges Brockman injured plaintiff's elbow by picking up plaintiff from behind while plaintiff was handcuffed and slamming plaintiff down on an iron bunk.
   Plaintiff claims Merkle then entered the cell and tasered plaintiff in the chest, and cites other instances where Merkle tasered plaintiff numerous times or threatened to do so.

   ⁴Also, each complaint, if dismissed as stating no claim for relief or as frivolous, would be subject to being designated as a "strike" for purposes of the "3-strike" provision in 28 U.S.C. § 1915(g) which bars a prisoner from bringing an in forma civil action or appeal in federal court if, on three or more prior occasions, while incarcerated, he brought an action which was dismissed as frivolous or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury.

2

filing fee assessed by the court under § 1915(b)(1), and through automatic payments from the prisoner's inmate trust fund account as authorized by § 1915(b)(2) until the full $350.00 district court filing fee is paid in full).

Accordingly, the court grants plaintiff twenty (20) days to object to the court's severance of the proposed amended complaint into this separate action, or if no objection, to submit a form motion for seeking leave to proceed in forma pauperis that is supported by a certified accounting of plaintiff's inmate trust fund account for the six month period preceding plaintiff's submission on November 4, 2009, of the instant complaint. The failure to do so in a timely manner may result in the instant action being dismissed without prejudice, and with no statutory obligation imposed on plaintiff to pay the $350.00 district court filing fee in this case which was opened pursuant to a court order.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to object to the court's severance of the instant complaint as a separate action, and if no objection, to submit a form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The clerk of the court is to provide plaintiff with a court approved complaint form for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 22nd day of December 2009 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge